JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 1823

KEITH HAZEL,

    Plaintiff,

-against-

THE CITY OF NEW YORK, and Police Officer DAMIAN RIVERA, Detective RICARDO BOCACHICA, Detective CANDACE McPHERSON, Under Cover Officer #5021, Police Officer's "JOHN DOE" #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown), both individually and as members of the New York City Police Department.

    Defendants.

COMPLAINT AND DEMAND FOR JURY TRIAL



Plaintiff, KEITH HAZEL, by his attorney, STANISLAO A. GERMÁN, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and Police Officer DAMIAN RIVERA, Detective RICARDO BOCACHICA, Detective CANDACE McPHERSON, Under Cover Officer #5021, and Police Officer's "JOHN DOE" #1-4, of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of Bronx County in the State of New York, in the Southern District of New York, of African-American heritage.

7. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. Defendants Police Officer DAMIAN RIVERA, Detective RICARDO BOCACHICA, Detective CANDACE McPHERSON, Under Cover Officer #5021, Police Officer's "JOHN DOE" #1-4, are and were at all times relevant to this action, police officers

employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacity.

9. At all times relevant hereto and in all their actions described herein, the Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On June 11th, 2011, Mr. Hazel exited his residential building en route to pick-up his niece from school.

12. As he walked along Arthur Avenue, he said hello to someone he recognized from the neighborhood.

13. As he proceeded along the street, he was stopped and handcuffed by NYPD police officers.

14. He was subsequently searched and placed in a van where he was driven around for over an hour before being taken to the 48th precinct.

15. He was eventually taken to The Bronx Criminal Court and arraigned on the charge of criminal sale of a controlled substance in the third degree and other related charges.

16. Mr. Hazel was released on his own recognizance on June 13th, 2011, after spending two days in custody.

17. He returned to court on three separate occasions before the case was dismissed on the motion of the Bronx District Attorney's office on October 24th, 2011.

18. At some point in September of 2011, Mr. Hazel was stopped and searched without cause by New York City Police Officers and he filed a complaint with the Civilian Complaint Review Board against officers from the 48th Precinct; some of these officers were involved in his false arrest from June 11th, 2011.

19. On November 18th, 2011, less than one month after the dismissal of his case pending from the June 11th, 2011, false arrest, Mr. Hazel was arrested and once again falsely charged with criminal sale of a controlled substance in the third degree and other related charges.

20. In that case, on November 18th, Mr. Hazel was on his way to the Social Security Office and while he was walking along the street and speaking with his girlfriend on his cellular telephone, he was tackled by a New York City Police Officer.

21. After his seizure, he was arrested and placed in a van for several hours before being taken to the 45th Precinct.

22. After being processed at the precinct, he was taken to the Bronx Criminal Courthouse for his arraignment.

23. At his arraignment the Court set $2,000 bail.

24. Mr. Hazel was released on bail on November 18th, 2011.

25. When Mr. Hazel returned to court on November 23rd, 2011, the case was dismissed on the motion of the Bronx District Attorney's Office.

26. Throughout this entire period, Mr. Hazel was walking with a cane due to the pain he was suffering as a result of a bulging disc in his back as well as neuropathy in his right leg.

27. The pain was so intense during this time period that Mr. Hazel was prescribed Percocet which he took several times per day.

28. The campaign of harassment and false arrests by members of the New York City Police Department and the countless hours spent in police custody greatly exacerbated the pain and suffering of Mr. Hazel's pre-existing injuries.

29. The inability of Mr. Hazel to take his medication as required while he was in custody caused him great amounts of pain and discomfort.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 29 with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

32. All of the aforementioned acts deprived Plaintiff, Keith Hazel, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

36. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF: FALSE AREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 38 with the same force and effect as if fully set forth herein.

40. As a result of Defendants' aforementioned conduct, Plaintiff, Keith Hazel, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

41. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

42. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 42 with the same force and effect as if fully set forth herein.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

45. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

46. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

48. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

49. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

50. The criminal proceedings were terminated in Plaintiff's favor on or about October 24th, 2011, and November 23rd, 2011, when the charges against him were dismissed and sealed.

## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. Defendant Police Officer DAMIAN RIVERA, Detective RICARDO BOCACHICA, Detective CANDACE McPHERSON, Under Cover Officer #5021, Police Officer's "JOHN DOE" #1-4 (said names being fictitious, as the true names are unknown), arrested Keith Hazel despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

53. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

54. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

55. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

56. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

57. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff Keith Hazel.

60. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

61. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

62. All of the foregoing acts by Defendants deprived Plaintiff Keith Hazel of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. To be free from intentional assault and infliction of emotional distress;

    f. Not to have cruel and unusual punishment imposed upon him; and

    g. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:    New York, New York
               March 12, 2013

Respectfully submitted,

Stanislao a. Germán (SG 7914)
Attorney for Plaintiff
299 Broadway, Suite 200
New York, New York 10007
(212) 986-6776
stan@myersgaliardo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH HAZEL,

    Plaintiff

-against-

THE CITY OF NEW YORK, and Police Officer
DAMIAN RIVERA, Detective RICARDO BOCACHICA,
Detective CANDACE McPHERSON,
Under Cover Officer #5021, and Police Officers
"JOHN DOE" #1-4,(the name "John Doe" being fictitious as the
true names are presently unknown), both
individually and as members of the New York
Police Department.

    Defendant.

COMPLAINT AND DEMAND FOR JURY TRIAL

Law Office of Stanislao A. Germán
Stanislao A. Germán, Esq.
299 Broadway, Suite 200
New York, New York 10007
(212) 986-6776